# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN, CDCR #C-56483,<br><br>         Plaintiff,<br><br>vs.<br><br>IRS,<br><br>         Defendant. | Civil No. 07-2112 LAB (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a) AND AS LEGALLY FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

  Petitioner, Jimmie Stephen, a state inmate currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding pro se, has filed a civil action entitled "Writ of Mandamus" pursuant to 18 U.S.C. § 1361,[1] in which he seeks a court order restraining

---

[1] 18 U.S.C. § 1361 is a federal criminal statute which makes it unlawful to willfully injure or commit any depredation against any property of the United States. *See* 18 U.S.C. § 1361. Because Plaintiff captioned his petition as one for mandamus, the Clerk filed it pursuant to 28 U.S.C. § 1361, which provides the district court with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the

the Internal Revenue Service from collecting $450.68 in back taxes, penalties and interest from him, and enjoining the IRS from any further acts of "harassment." (*See* Compl. at 1-3.)

Petitioner has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.

## MOTION TO PROCEED IFP

"In general, filing an action IFP is a privilege, not a right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999). This privilege is codified in section 1915 of Title 28 of the United States Code, which allows certain impoverished litigants to pursue civil litigation without the full prepayment of fees or costs. *Id.* at 1177; 28 U.S.C. § 1915(a)(2).

However, regardless of indigence, subsection (g) bars a prisoner from proceeding IFP:

> ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The objective of § 1915(g), which has become known as the "three strikes" provision, *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1. "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Id.* Thus, once a prisoner has accumulated

/ / /

/ / /

/ / /

---

plaintiff." 28 U.S.C. § 1361.

three strikes, he is prohibited by section 1915(g) from pursuing any other civil action or IFP appeal in a federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).[2]

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

/ / /

/ / /

/ / /

---

[2] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez,* 169 F.3d at 1179-82; *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g)).

## II.

### APPLICATION OF 28 U.S.C. § 1915(g)

The Court notes as an initial matter that Petitioner has alleged no facts to show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178; *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (§ 1915(g)'s imminent danger "exception applies [only] if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious physical injury exception). Thus, regardless of Petitioner's financial status, he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169 F.3d at 1178.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, __ F.3d __, 2007 WL _____ (9th Cir. Nov. 29, 2007) (No. 05-16752), slip op. at 15354 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (alterations in original); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)).

Here, the Court takes judicial notice that Jimmie Stephen, CDCR#C-56483, has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Stephen v. Lacy*, C.D. Cal. Civil Case No. 93-5032 WMB (Aug. 23, 1993 Order denying Motion to Proceed IFP and Dismissing Complaint pursuant to 28 U.S.C. § 1915(d) [Doc. No. 3]), *aff'd*, 48 F.3d 1228 (9th Cir. 1995) (unpub.) (strike one); *Stephen v. Zulfacur, et al.* S.D. Cal. Civil Case No. 93-1943 R (RBB) (April 19, 1994 Order and Judgment Dismissing case for "failing to state an injury for which relief can be granted" [Doc. Nos. 15, 16]) (strike two); *Stephen v. Hernandez, et al.*, S.D. Cal. Civil Case No. 06-0171 L (WMC) (Oct. 11, 2006 Order Dismissing Third Amended

1 Complaint without leave to amend for failing to state a claim pursuant to 28 U.S.C.
2 §§ 1915(e)(2) and 1915A(b) [Doc. No. 38]) (strike three); *Stephen v. Shelar, et al.*, S.D. Cal.
3 Civil Case No. 06-1054 LAB (WMc) (Aug. 31, 2006 Order Dismissing Complaint sua sponte
4 for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) [Doc. No. 8]; and
5 May 10, 2007 Order and Judgment Dismissing Action for Failing to Amend [Doc. No. 16]
6 (strike four)); and *Stephen v. Marshal*, C.D. Cal. Civil Case No. 07-05337-UA-SH (Oct. 4, 2007
7 Order denying IFP and dismissing complaint as "legally and/or factually patently frivolous"
8 [Doc. No. 4]) (strike five).

9       Accordingly, because Petitioner has, while incarcerated, accumulated more than three
10 "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is
11 under imminent danger of serious physical injury, the Court DENIES his Motion to Proceed IFP
12 [Doc. No. 2]. *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.

### III.
#### SUA SPONTE SCREENING PER 28 U.S.C. § 1915A(b)

15       The Court further finds that even if Petitioner's case were not subject to 28 U.S.C.
16 § 1915(g)'s "three strikes" provision, it would nevertheless remain subject to sua sponte
17 dismissal under 28 U.S.C. § 1915A. This separate provision of the PLRA requires the Court to
18 sua sponte screen all civil actions filed by prisoners which seek redress from a governmental
19 entity, or officers or employees of a governmental entity, and dismiss those, or any portion of
20 those, which are frivolous, malicious, or fail to state a claim which relief can be granted. *See*
21 28 U.S.C. § 1915A(b)(1); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

22       The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be
23 granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure
24 12(b)(6).'" *Andrews*, 398 F.3d at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th
25 Cir. 1998)). A case is "frivolous" for purposes of § 1915(g) "if it is of little weight or
26 importance" or "ha[s] no basis in law or fact." *Id.* (citations omitted); *see also Neitzke v.*
27 *Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual
28 allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an

arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

Petitioner's current civil action is legally frivolous because a petition for writ of mandamus brought pursuant to 28 U.S.C. § 1361 against the IRS is barred by sovereign immunity. The IRS, an agency of the United States Government, cannot be sued without its consent. *See FDIC v. Meyer*, 510 U.S. 471, 474 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). A suit in mandamus, seeking to compel a government agency or its agents to perform an action, is a suit against the United States. As such, it is barred unless there has been a waiver of sovereign immunity. *See White v. Admn'r of Gen. Serv. Admin*, 343 F.2d 444, 446-47 (9th Cir. 1965).

The mandamus statute itself does not waive sovereign immunity. *See Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999); *Smith v. Grimm*, 534 F.2d 1346, 1352 n.9 (9th Cir. 1976). Moreover, a mandamus action is not maintainable pursuant to any independent waiver of immunity. Instead, Petitioner's action is subject to the Anti-Injunction Act ("AIA"), which states, in relevant part: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." I.R.C. § 7421(a). The Act is strictly enforced. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974); *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990).

In its most basic form, the Petitioner's mandamus claim challenges the validity of the assessment or collection of a tax. This is precisely the type of claim that is barred by the AIA. *See Spicer v. Jensen*, 210 F.3d 385 (9th Cir. 2000) (unpub.). Accordingly, the Court finds Petitioner's mandamus action subject to immediate dismissal as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *Resnick*, 213 F.3d at 446-47; *Andrews,* 398 F.3d at 1121.

/ / /

/ / /

/ / /

# IV.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1) **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 2]; and

2) **DISMISSES** this civil action for failure to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a) and as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Petitioner is further notified that this dismissal may later be considered as yet another "strike" against him pursuant to 28 U.S.C. § 1915(g).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: December 3, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge