RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

DEC 19 2007

FILED _____ ____
DOCKETED _____ ____
                    DATE        INITIAL

1  Jimmie Stedben C94483
2  P. D.    Box  8101
3  San Luis Obispo, California

4

5

6                    Court of Appeal 9th Cir.

**FILED**

JAN 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

9                              CU-07-2112-LAB
10

11

12

13  Jimmie Stedben
14        Plaintiff

15        v                    "Notice of Appeal"
16                             FRAP# 3, 4, 5.
17  Internal Revenue Ser.      FRCP# 8 "Not Applied"
18        Defendant            "Erikson v Pardus" 127. Sct.
                               2197 (2007).

19

20  Plaintiff Jimmie Stedben) Hereby Appeal Denial
21  Dated) 12-3-07 by "Burns" as conflict of Interest
22  exist as "Burns" a Defendant in GIC-879801 by Plaintiff
23  for Prior Ruling.. CU-06-1054-LAB.. A "Strike". as well as
24  one Redrm for Denial CU-06-017H. #93-1943-R. 07-2112-
25  LAB all from San Diego USDC-S.. as well as #07-5337-UA
26  #93-5032-WMB.. "FRCP"# 8-A-2 Denied. Not Applied) all "6"
27  Cases "28 USC. 1915 Applied "3-Strike".
                "Burns v Smith" 430. US. 817 (1977).
28  Date 12-13-07  True  Brackst Fraud or Perjury
                                    Signature

Page
#1-8

1  Jimmie Stephen C56483
2  P. O. Box 8101
   San Luis Obispo, California
3
4
5
6       United States, District court
7              Southern
8
9
10                    ____II_____
11
12
13  Jimmie Stephen
              Petitioner
14
15                        "Writ of Mandamus"
16                        28 USC "1361"
17  I. R. S. - Fresno Calif.
18  et al Respondents        (Jurisdiction) While at RJ
                              Donovan in 2004.. So
19                            U.S.D.C. Has "Jurisdiction"..
20
21       Petitioner Jimmie Stephen Hereby Petition
22  this court for a "Petition for Mandamus" Issue" and
23  "Order" Respondents to "Show cause" as to the
24  "Continous and constant "Harassment" by "Written"
25  "Notices" by the "Internal Revenue Service" of
26  "Fresno California" and other IRS offices throughout
27  the "United States" for "Meaningless "and "frivilous"
28  "Unsubstanciated" frivilous". Reasons of money owed..
         Al66s v Yeptune 334.f3).916(9th2004). Due Process..
                    1.              1st. 5th & 14th Implicated.

"Petition with Memorandum"
Points & Authorities..

TO the Honorable Presiding Justice and Honorable Presiding Justices of the U.S. District court. Central..

Petitioner Jimmie Stephen Respectfully Petitions this court for a Writ of Mandamus / Prohibition Directed to Respondent court, and by this Verified Petition alleges that:

## I
Petitioner Jimmie Stephen in the above entitled action as the IRS is the Named Respondent based upon "Frivilous" Harassment" via U.S. Mail in sum of $450.68..

## II
Petitioner was accused of owing the "IRS" a total of $308.00 with Penalties. Interest is Now $450.68 cents since 2004.. is the "Tax Year" under 1040 E2 forms. As basis for this "Petition" and "Harassment".

## III
In 2004 under 1040-E2 Tax form is the Principal "Cause of Action" for total $450.68. In Social Security Number 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.. Copy Enclosed in Exhibit # 1..

## IIII
Petitioner is Particularly Aggravated by Respondents actions Inwhich is Resulting in "Irreparable Damage" to Petitioner  "Bounds V Smith" 430. U.S. 817 (1977). Refes to court..

2

AS Petitioner has been in Prison since 6-6-89 and Does Not Remember hets Stated in 2004 by Respondents of $450.68 owed to "IRS"..

this Charge is "Without merit"..

As in 2004 Petitioner Resided in San Diego at RJ Donovan Corr Fac...

## V

All Proceeding or acts occured in Jurisdiction of Territories of this Court USDC-Southern...

## VI

No other Petition or writ has been made by, or on behalf of this Petitioner to this matter...

## VII

Petitioner has No other Plain. Speedy, or Adequate Remedy at Law.. as only by Extraordinary writ.. As Petitioner is Indigent to Pursue attorney etc..

## VIII

Respondents must, be, should be "Restrained" from further "Harassment" by U.S. mail etc. When in Prison with "No Employment or "Monies" since 6-6-89.. to Pay or substanciate their act of "Harassment" etc..

Wheras Petitioner Pray a Premptory writ Prohibition Restraining Respondents from further "Harassment".

A Premptory writ of mandate issue ordering Respondents to "Show Cause" by alternate writ. etc.

Petitioner be Granted such other Relief that's appropriate. True request fraud or fortun

Date 12-13-07                    3                    signature _____

EXHiBit # 1

COPY of IRS Statement As to Monies
SINCE 2004 IN SUM of $450.58..

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br>CDCR #C-56483,<br><br>                            Plaintiff,<br><br>                 vs.<br><br><br>IRS,<br><br>                     Defendant. | Civil No.   07-2112 LAB (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a) AND AS LEGALLY FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Petitioner, Jimmie Stephen, a state inmate currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding pro se, has filed a civil action entitled "Writ of Mandamus" pursuant to 18 U.S.C. § 1361,[1] in which he seeks a court order restraining

---

[1]18 U.S.C. § 1361 is a federal criminal statute which makes it unlawful to willfully injure or commit any depredation against any property of the United States. *See* 18 U.S.C. § 1361. Because Plaintiff captioned his petition as one for mandamus, the Clerk filed it pursuant to 28 U.S.C. § 1361, which provides the district court with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the

1  the Internal Revenue Service from collecting $450.68 in back taxes, penalties and interest from

2  him, and enjoining the IRS from any further acts of "harassment." (*See* Compl. at 1-3.)

3      Petitioner has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to

4  commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

5  pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

6                                    **I.**

7                    **MOTION TO PROCEED IFP**

8      "In general, filing an action IFP is a privilege, not a right." *Rodriguez v. Cook*, 169 F.3d

9  1176, 1180 (9th Cir. 1999). This privilege is codified in section 1915 of Title 28 of the United

10 States Code, which allows certain impoverished litigants to pursue civil litigation without the

11 full prepayment of fees or costs. *Id.* at 1177; 28 U.S.C. § 1915(a)(2).

12      However, regardless of indigence, subsection (g) bars a prisoner from proceeding IFP:

13          ... if the prisoner has, on 3 or more prior occasions, while
            incarcerated or detained in any facility, brought an action or appeal
14          in a court of the United States that was dismissed on the grounds
            that it is frivolous, malicious, or fails to state a claim upon which
15          relief can be granted, unless the prisoner is under imminent danger
            of serious physical injury.

16

17 28 U.S.C. § 1915(g).

18      The objective of § 1915(g), which has become known as the "three strikes" provision,

19 *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), is to further "the congressional goal

20 of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310,

21 1312 (9th Cir. 1997). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot

22 proceed IFP." *Andrews*, 398 F.3d at 1116 n.1. "'Strikes' are prior cases or appeals, brought

23 while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were]

24 frivolous, malicious, or fail[ed] to state a claim." *Id.* Thus, once a prisoner has accumulated

25 / / /

26 / / /

27 / / /

28 ─────────────────────────

plaintiff." 28 U.S.C. § 1361.

# II.

## APPLICATION OF 28 U.S.C. § 1915(g)

The Court notes as an initial matter that Petitioner has alleged no facts to show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178; *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (§ 1915(g)'s imminent danger "exception applies [only] if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious physical injury exception). Thus, regardless of Petitioner's financial status, he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169 F.3d at 1178.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, __ F.3d __, 2007 WL _____ (9th Cir. Nov. 29, 2007) (No. 05-16752), slip op. at 15354 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (alterations in original); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)).

Here, the Court takes judicial notice that Jimmie Stephen, CDCR#C-56483, has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Stephen v. Lacy*, C.D. Cal. Civil Case No. 93-5032 WMB (Aug. 23, 1993 Order denying Motion to Proceed IFP and Dismissing Complaint pursuant to 28 U.S.C. § 1915(d) [Doc. No. 3]), *aff'd*, 48 F.3d 1228 (9th Cir. 1995) (unpub.) (strike one); *Stephen v. Zulfacur, et al.* S.D. Cal. Civil Case No. 93-1943 R (RBB) (April 19, 1994 Order and Judgment Dismissing case for "failing to state an injury for which relief can be granted" [Doc. Nos. 15, 16]) (strike two); *Stephen v. Hernandez, et al.*, S.D. Cal. Civil Case No. 06-0171 L (WMC) (Oct. 11, 2006 Order Dismissing Third Amended

1  Complaint without leave to amend for failing to state a claim pursuant to 28 U.S.C.

2  §§ 1915(e)(2) and 1915A(b) [Doc. No. 38]) (strike three); *Stephen v. Shelar, et al.*, S.D. Cal.

3  Civil Case No. 06-1054 LAB (WMc) (Aug. 31, 2006 Order Dismissing Complaint sua sponte

4  for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) [Doc. No. 8]; and

5  May 10, 2007 Order and Judgment Dismissing Action for Failing to Amend [Doc. No. 16]

6  (strike four)); and *Stephen v. Marshal*, C.D. Cal. Civil Case No. 07-05337-UA-SH (Oct. 4, 2007

7  Order denying IFP and dismissing complaint as "legally and/or factually patently frivolous"

8  [Doc. No. 4]) (strike five).

9      Accordingly, because Petitioner has, while incarcerated, accumulated more than three

10  "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is

11  under imminent danger of serious physical injury, the Court DENIES his Motion to Proceed IFP

12  [Doc. No. 2]. *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.

13                                  **III.**

14          **SUA SPONTE SCREENING PER 28 U.S.C. § 1915A(b)**

15      The Court further finds that even if Petitioner's case were not subject to 28 U.S.C.

16  § 1915(g)'s "three strikes" provision, it would nevertheless remain subject to sua sponte

17  dismissal under 28 U.S.C. § 1915A.  This separate provision of the PLRA requires the Court to

18  sua sponte screen all civil actions filed by prisoners which seek redress from a governmental

19  entity, or officers or employees of a governmental entity, and dismiss those, or any portion of

20  those, which are frivolous, malicious, or fail to state a claim which relief can be granted. *See*

21  28 U.S.C. § 1915A(b)(1); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

22      The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be

23  granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure

24  12(b)(6).'" *Andrews*, 398 F.3d at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

25  Cir. 1998)). A case is "frivolous" for purposes of § 1915(g) "if it is of little weight or

26  importance" or "ha[s] no basis in law or fact." *Id.* (citations omitted); *see also Neitzke v.*

27  *Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual

28  allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an

1  arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,

2  embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A

3  case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d

4  at 1121 (quotation and citation omitted).

5       Petitioner's current civil action is legally frivolous because a petition for writ of

6  mandamus brought pursuant to 28 U.S.C. § 1361 against the IRS is barred by sovereign

7  immunity. The IRS, an agency of the United States Government, cannot be sued without its

8  consent. *See FDIC v. Meyer*, 510 U.S. 471, 474 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549,

9  554 (1988)). A suit in mandamus, seeking to compel a government agency or its agents to

10  perform an action, is a suit against the United States. As such, it is barred unless there has been

11  a waiver of sovereign immunity. *See White v. Admn'r of Gen. Serv. Admin*, 343 F.2d 444, 446-

12  47 (9th Cir. 1965).

13       The mandamus statute itself does not waive sovereign immunity. *See Hou Hawaiians v.*

14  *Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999); *Smith v. Grimm*, 534 F.2d 1346, 1352 n.9 (9th Cir.

15  1976). Moreover, a mandamus action is not maintainable pursuant to any independent waiver

16  of immunity. Instead, Petitioner's action is subject to the Anti-Injunction Act ("AIA"), which

17  states, in relevant part: "no suit for the purpose of restraining the assessment or collection of any

18  tax shall be maintained in any court by any person...." I.R.C. § 7421(a). The Act is strictly

19  enforced. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974); *Elias v. Connett*, 908

20  F.2d 521, 523 (9th Cir. 1990).

21       In its most basic form, the Petitioner's mandamus claim challenges the validity of the

22  assessment or collection of a tax. This is precisely the type of claim that is barred by the AIA.

23  *See Spicer v. Jensen*, 210 F.3d 385 (9th Cir. 2000) (unpub.). Accordingly, the Court finds

24  Petitioner's mandamus action subject to immediate dismissal as legally frivolous pursuant to 28

25  U.S.C. § 1915A(b)(1). *Resnick*, 213 F.3d at 446-47; *Andrews*, 398 F.3d at 1121.

26  ///

27  ///

28  ///

**IV.**

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court hereby:

1)     **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 2]; and

2)     **DISMISSES** this civil action for failure to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a) and as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Petitioner is further notified that this dismissal may later be considered as yet another "strike" against him pursuant to 28 U.S.C. § 1915(g).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: December 3, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

Fresno Service Center                 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            Tax Period:      December 31, 2004

## Penalty and Interest

About Your Notice - The penalty and/or interest charges on your account are explained on the following pages. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the top of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

### Interest: $62.94



000893    **09 Interest**

We charged interest because you did not pay your tax on time. We multiplied the factor times the principal. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay your tax in full. The interest rate is variable and may change quarterly. We charge interest on all penalties except estimated tax penalties.

*(Internal Revenue Code section 6601)*

The table below shows how we figured your interest. We multiplied the factor times the principal.

| From Date | To Date | Days | Rate | Factor | Principal | Interest |
|---|---|---|---|---|---|---|
| 04/15/2005 | 09/30/2005 | 168 | 6.0% | 0.027998974 | 308.00 | 8.62 |
| 09/30/2005 | 12/31/2005 | 92 | 7.0% | 0.017798686 | 316.62 | 5.64 |
| 12/31/2005 | 06/30/2006 | 181 | 7.0% | 0.035318388 | 322.26 | 11.38 |
| 06/30/2006 | 10/16/2006 | 108 | 8.0% | 0.023950964 | 333.64 | 7.99 |
| 10/16/2006 | 12/31/2006 | 76 | 8.0% | 0.016795189 | 384.75 | 6.46 |
| 12/31/2006 | 06/30/2007 | 181 | 8.0% | 0.040464123 | 391.21 | 15.83 |
| 06/30/2007 | 10/15/2007 | 107 | 8.0% | 0.023726586 | 407.04 | 9.66 |
| | | | | Total Interest: | | 65.58 |

*    Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 work days from the date of your notice. If the amount you owe is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of your notice. If we don't receive full payment within these time frames, the law requires us to charge interest until you pay the full amount you owe.

Fresno Service Center                       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          Tax Period:     December 31, 2004

000893

✂ **CUT HERE**

Return this voucher with your payment or correspondence.

| | |
|---|---|
| Your Telephone Number: | Best Time to Call: |
| (   )_____-_____ | _____AM_____PM |

**Amount you owe:     $450.58**

• You will avoid additional penalties and/or interest if we receive your full payment by **October 25, 2007**

☐ **Amount enclosed:      $_____**

• Make payable to United States Treasury
• Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

WI          200740      07              89207-100-30282-5

71    Internal Revenue Service
      Fresno, CA  93888-0010

      ‖l‖₁₁₁‖‖l₁l₁l₁l₁l₁l‖₁₁‖‖₁₁₁‖‖l₁₁₁l‖l

JIMMIE  STEPHEN
CALIF DEPT CORREC DONOVAN PRISON
CALIF DEPT CORRECTIONS DONOVAN
SAN DIEGO  CA  92179

573884087 XP STEP 30 0 200412 670 00000045058

## How We Calculated the Amount You Owe

| Form | Tax Year | Unpaid Balance | + Penalties | + Interest | = Total |
|------|----------|----------------|-------------|------------|---------|
| 1040EZ | 2004 | $387.64 | $.00 | $62.94 | $450.58 |

## Payment Options

The following payment options may be available to you. Please call us at 1-800-829-0922 to discuss these options and make payment arrangements.

1. Installment agreement
2. Automatic deductions from your checking account
3. Payroll deductions
4. Credit card payments

## Frequently Asked Questions

**What if I don't agree with the amount owed?**

If you don't agree with the amount shown on this statement, please call us at 1-800-829-0922, or write to us at the address listed on the payment stub. You will need to tell us why you don't agree and you may need to send us information to support your statement.

**I previously contacted the IRS to inform you that I couldn't pay. Why am I getting this notice?**

By law, we are required to send you a reminder notice each year to give you an update of the current amount owed.

**What if I'm currently working with an IRS representative?**

If you're currently working with an IRS representative to resolve your past due taxes, contact the person you've been working with to discuss this notice.

**Will the IRS contact others about my tax account?**

Generally, it is our practice to deal directly with a taxpayer or a taxpayer's duly authorized representative. However, we sometimes talk with other persons (such as a neighbor, bank, employer or employees) when we need information that the taxpayer has been unable to provide, or to verify information we have received. If we contact other persons, you have the right to request a list of those contacted.

*For tax forms, instructions and information, visit* **www.irs.gov**. *(Access to this site will not provide you with any taxpayer account information.)*

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

9

10

11

JIMMIE STEPHEN,
CDCR #C-56483,

12

13

                              Plaintiff,

14

15

                    vs.

16

17

IRS,

18

19

                             Defendant.

20

21

22

| | |
|---|---|
| Civil No.  07-2112 LAB (BLM) | |

**ORDER:**

**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2]**

**AND**

**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a) AND AS LEGALLY FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

23

24

25

        Petitioner, Jimmie Stephen, a state inmate currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding pro se, has filed a civil action entitled "Writ of Mandamus" pursuant to 18 U.S.C. § 1361,[1] in which he seeks a court order restraining

26

27

28



    [1] 18 U.S.C. § 1361 is a federal criminal statute which makes it unlawful to willfully injure or commit any depredation against any property of the United States. *See* 18 U.S.C. § 1361. Because Plaintiff captioned his petition as one for mandamus, the Clerk filed it pursuant to 28 U.S.C. § 1361, which provides the district court with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the

1  the Internal Revenue Service from collecting $450.68 in back taxes, penalties and interest from

2  him, and enjoining the IRS from any further acts of "harassment." (*See* Compl. at 1-3.)

3     Petitioner has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to

4  commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

5  pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

6                          **I.**

7                **MOTION TO PROCEED IFP**

8     "In general, filing an action IFP is a privilege, not a right." *Rodriguez v. Cook*, 169 F.3d

9  1176, 1180 (9th Cir. 1999). This privilege is codified in section 1915 of Title 28 of the United

10 States Code, which allows certain impoverished litigants to pursue civil litigation without the

11 full prepayment of fees or costs. *Id.* at 1177; 28 U.S.C. § 1915(a)(2).

12    However, regardless of indigence, subsection (g) bars a prisoner from proceeding IFP:

13        ... if the prisoner has, on 3 or more prior occasions, while
           incarcerated or detained in any facility, brought an action or appeal
14        in a court of the United States that was dismissed on the grounds
           that it is frivolous, malicious, or fails to state a claim upon which
15        relief can be granted, unless the prisoner is under imminent danger
           of serious physical injury.
16

17 28 U.S.C. § 1915(g).

18    The objective of § 1915(g), which has become known as the "three strikes" provision,

19 *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), is to further "the congressional goal

20 of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310,

21 1312 (9th Cir. 1997). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot

22 proceed IFP." *Andrews*, 398 F.3d at 1116 n.1. "'Strikes' are prior cases or appeals, brought

23 while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were]

24 frivolous, malicious, or fail[ed] to state a claim." *Id.* Thus, once a prisoner has accumulated

25 / / /

26 / / /

27 / / /

28 _____

plaintiff." 28 U.S.C. § 1361.

1   three strikes, he is prohibited by section 1915(g) from pursuing any other civil action or IFP

2   appeal in a federal court unless he is in "imminent danger of serious physical injury." *See* 28

3   U.S.C. § 1915(g).[2]

4       While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his

5   request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court

6   docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria

7   under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C.

8   § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an

9   action, and other relevant information," before determining that the action "was dismissed

10  because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases

11  qualify as a strike under § 1915(g)." *Id.* at 1121.

12      The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be

13  granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure

14  12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews*

15  further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or

16  importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also*

17  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual

18  allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an

19  arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,

20  embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A

21  case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d

22  at 1121 (quotation and citation omitted).

23  / / /

24  / / /

25  / / /

26

27      [2] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate

28  as an ex post facto law. *Rodriguez*, 169 F.3d at 1179-82; *see also Andrews*, 398 F.3d at 1123 (*noting* constitutionality of § 1915(g)).

**II.**

**APPLICATION OF 28 U.S.C. § 1915(g)**

The Court notes as an initial matter that Petitioner has alleged no facts to show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178; *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (§ 1915(g)'s imminent danger "exception applies [only] if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious physical injury exception). Thus, regardless of Petitioner's financial status, he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169 F.3d at 1178.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, __ F.3d __, 2007 WL _____ (9th Cir. Nov. 29, 2007) (No. 05-16752), slip op. at 15354 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (alterations in original); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)).

Here, the Court takes judicial notice that Jimmie Stephen, CDCR#C-56483, has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Stephen v. Lacy*, C.D. Cal. Civil Case No. 93-5032 WMB (Aug. 23, 1993 Order denying Motion to Proceed IFP and Dismissing Complaint pursuant to 28 U.S.C. § 1915(d) [Doc. No. 3]), *aff'd*, 48 F.3d 1228 (9th Cir. 1995) (unpub.) (strike one); *Stephen v. Zulfacur, et al.* S.D. Cal. Civil Case No. 93-1943 R (RBB) (April 19, 1994 Order and Judgment Dismissing case for "failing to state an injury for which relief can be granted" [Doc. Nos. 15, 16]) (strike two); *Stephen v. Hernandez, et al.*, S.D. Cal. Civil Case No. 06-0171 L (WMC) (Oct. 11, 2006 Order Dismissing Third Amended

1   Complaint without leave to amend for failing to state a claim pursuant to 28 U.S.C.

2   §§ 1915(e)(2) and 1915A(b) [Doc. No. 38]) (strike three); *Stephen v. Shelar, et al.*, S.D. Cal.

3   Civil Case No. 06-1054 LAB (WMc) (Aug. 31, 2006 Order Dismissing Complaint sua sponte

4   for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) [Doc. No. 8]; and

5   May 10, 2007 Order and Judgment Dismissing Action for Failing to Amend [Doc. No. 16]

6   (strike four)); and *Stephen v. Marshal*, C.D. Cal. Civil Case No. 07-05337-UA-SH (Oct. 4, 2007

7   Order denying IFP and dismissing complaint as "legally and/or factually patently frivolous"

8   [Doc. No. 4]) (strike five).

9       Accordingly, because Petitioner has, while incarcerated, accumulated more than three

10  "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is

11  under imminent danger of serious physical injury, the Court DENIES his Motion to Proceed IFP

12  [Doc. No. 2]. *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.

13                                                **III.**

14                    **SUA SPONTE SCREENING PER 28 U.S.C. § 1915A(b)**

15      The Court further finds that even if Petitioner's case were not subject to 28 U.S.C.

16  § 1915(g)'s "three strikes" provision, it would nevertheless remain subject to sua sponte

17  dismissal under 28 U.S.C. § 1915A. This separate provision of the PLRA requires the Court to

18  sua sponte screen all civil actions filed by prisoners which seek redress from a governmental

19  entity, or officers or employees of a governmental entity, and dismiss those, or any portion of

20  those, which are frivolous, malicious, or fail to state a claim which relief can be granted. *See*

21  28 U.S.C. § 1915A(b)(1); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

22      The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be

23  granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure

24  12(b)(6).'" *Andrews*, 398 F.3d at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

25  Cir. 1998)). A case is "frivolous" for purposes of § 1915(g) "if it is of little weight or

26  importance" or "ha[s] no basis in law or fact." *Id.* (citations omitted); *see also Neitzke v.*

27  *Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual

28  allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an

1   arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,

2   embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A

3   case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d

4   at 1121 (quotation and citation omitted).

5          Petitioner's current civil action is legally frivolous because a petition for writ of

6   mandamus brought pursuant to 28 U.S.C. § 1361 against the IRS is barred by sovereign

7   immunity. The IRS, an agency of the United States Government, cannot be sued without its

8   consent. *See FDIC v. Meyer*, 510 U.S. 471, 474 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549,

9   554 (1988)). A suit in mandamus, seeking to compel a government agency or its agents to

10  perform an action, is a suit against the United States. As such, it is barred unless there has been

11  a waiver of sovereign immunity. *See White v. Admn'r of Gen. Serv. Admin*, 343 F.2d 444, 446-

12  47 (9th Cir. 1965).

13         The mandamus statute itself does not waive sovereign immunity. *See Hou Hawaiians v.*

14  *Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999); *Smith v. Grimm*, 534 F.2d 1346, 1352 n.9 (9th Cir.

15  1976). Moreover, a mandamus action is not maintainable pursuant to any independent waiver

16  of immunity. Instead, Petitioner's action is subject to the Anti-Injunction Act ("AIA"), which

17  states, in relevant part: "no suit for the purpose of restraining the assessment or collection of any

18  tax shall be maintained in any court by any person...." I.R.C. § 7421(a). The Act is strictly

19  enforced. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974); *Elias v. Connett*, 908

20  F.2d 521, 523 (9th Cir. 1990).

21         In its most basic form, the Petitioner's mandamus claim challenges the validity of the

22  assessment or collection of a tax. This is precisely the type of claim that is barred by the AIA.

23  *See Spicer v. Jensen*, 210 F.3d 385 (9th Cir. 2000) (unpub.). Accordingly, the Court finds

24  Petitioner's mandamus action subject to immediate dismissal as legally frivolous pursuant to 28

25  U.S.C. § 1915A(b)(1). *Resnick*, 213 F.3d at 446-47; *Andrews,* 398 F.3d at 1121.

26  / / /

27  / / /

28  / / /

## IV.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1)      **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 2]; and

2)      **DISMISSES** this civil action for failure to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a) and as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Petitioner is further notified that this dismissal may later be considered as yet another "strike" against him pursuant to 28 U.S.C. § 1915(g).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  December 3, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

# Notice of Appeal Notification Form

**To:**   Clerk, U.S. Court of Appeals                    **Date:** 01/3/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title:    Jimmie Stephen v. IRS

U.S.D.C. No.:    07cv2112 LAB (BLM)          U.S.D.C. Judge:    Larry Alan Burns

Complaint/Indictment/Petition Filed:    Complaint in Mandamus

Appealed Order Entered:      12/4/2007

Notice of Appeal Filed:    1/2/2008

Court Reporter:        n/a

COA Status:    ☐ Granted in full/part (appeal only)          ☐ Denied (send clerk's file)

### Docket Fee Notification
Docket Fee:    ☐ Paid        ☒ Not Paid        ☐ No Fee Required

USA/GOVT. APPEAL:    ☐ Yes    ☒ No

Date F/P granted (Show Date and Attach Copy of Order): _____

Was F/P Status Revoked?    ☐ Yes        ☐ No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information
**Appellant Counsel:**                    **Appellee Counsel:**

Jimmie Stephen                       US Attorney
C-56483                           US Attorneys Office, Southern District of CA

PO Box 8101                         880 Front Street
San Luis Obispo, CA 93409-8101             Suite 6253
                              San Diego, CA 92101

                              (619) 557-5662

Counsel Status:    ☐ Retained        ☐ Appointed    ☒ Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information
Prisoner ID Number:    C-56483

Bail: _____

Custody: _____ x _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule.  (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Order Denying IFP and Dismissing Civil Action entered 12/4/2007 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer                                          **L. Hammer**
_____                          _____

Deputy's Name                                          Deputy's Signature

# UNITED STATES DISTRICT COURT
## Southern District Of California
### Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:    Clerk, U.S. Court of Appeals
      P.O. Box 193939
      San Francisco, CA 94119-3939

Re:    **USCA No:**
      **USDC No:**    **07cv2112 LAB (BLM)**
      **Stephen v. IRS**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in | set(s) of | volume(s). |
| | Reporter's transcript's transcripts in | set(s) of | volume(s). |
| | Exhibits in    envelope(s) | box(es) | folders(s) |
| | Judgement Order | | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | Order Denying IFP and Dismissing Civil Action entered 12/4/2007 | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By:_____**L. Hammer**_____
Lauren Hammer, **Deputy**

Date:    01/3/08